FILED
2020 Mar-11 AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILBERT GRIFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.: _____ |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| **CITY OF LEEDS,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

## INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful discrimination on the basis of race and age, and for retaliation against the Plaintiff, Wilbert Griffin (hereinafter "Plaintiff" or "Griffin"). This suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. 2000e, as amended, and 29 U.S.C. §621, et. seq., known as the Age Discrimination in Employment Act of 1967, as amended ("ADEA"). Plaintiff requests a trial by jury of all triable issues.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3), and 42 U.S.C. § 2000e-5.

3. Venue is proper in this Court.

## PARTIES

4. Plaintiff, Wilbert Griffin, is a fifty-eight (58) year old African American male citizen of the United States and of the State of Alabama. Plaintiff is a resident of this Judicial District and Division.

5. Defendant City of Leeds ("Defendant" or City") is a local agency of the State of Alabama. At all times relevant hereto the Defendant has engaged in business in Leeds, Alabama and has been an employer within the meaning of 42 U.S.C. § 2000e(a), Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto and 29 U.S.C. §621, et. seq., known as the Age Discrimination in Employment Act of 1967, as amended ("ADEA"). At all times relevant to this action, the Defendant has maintained and operated a business in Alabama and has fifteen (15) or more employees and is considered an employer for Title VII purposes and the 1991 amendments thereto, and the ADEA.

## ADMINISTRATIVE PROCEDURES

6.     Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred at the City of Leeds Police Department.

7.     This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment.

8.     Plaintiff timely filed his Charge of Discrimination (420-2019-01829) (*Exhibit A)* against Defendant with the Equal Employment Opportunity Commission on April 11, 2019, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

9.     On December 11, 2019 the EEOC issued to Plaintiff a Notice of Right to Sue regarding his EEOC Charge. *(Exhibit B).* Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue.

10.    All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## STATEMENT OF FACTS

11.    Plaintiff is a fifty-eight (58) year old, African-American male.

12.   Plaintiff has been discriminated and retaliated against because of his race and age and has been denied rights afforded to him under the Constitution and laws of the United States.

13.   On August 18, 1997, Plaintiff began employment with the City of Leeds Police Department as a police officer. Plaintiff has been promoted to the rank of Lieutenant.

14.   Plaintiff is a good employee and is qualified to hold his position as a Lieutenant.

15.   On August 14, 2018, Plaintiff's coworker and friend, Officer John Shields (hereinafter "Shields"), an African American male, filed an EEOC Complaint against the City of Leeds alleging discrimination based on race and for retaliation.

16.   Plaintiff supported Shields during a City of Leeds internal investigation into Plaintiff's and Shields' alleged wrongdoing. During the course of the investigation, the Defendant, City of Leeds, was aware of the EEOC charge filed by Officer Shields and was aware of Plaintiff's support of Officer Shields' charge. Plaintiff's support of Officer Shields' charge was a protected activity under Title VII.

17.   On October 12, 2018, Plaintiff was suspended for forty (40) hours without pay for the incident Plaintiff and Shields were involved in.

18.   City of Leeds Mayor, David Miller (white male), also unilaterally suspended Plaintiff's ability to work off-duty jobs.

19. Plaintiff received these disciplinary actions without a due process hearing.

20. Other similarly situated Caucasian employees have not been disciplined for the same or similar conduct that Plaintiff was disciplined for on October 12, 2018. Further, no similarly situated Caucasian employees have been disciplined for supporting a coworker's charge of discrimination with the EEOC.

21. Plaintiff has been discriminated against by Defendant based on his race, African American, and unlawfully retaliated against by Defendant in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and discriminated against based on his Age, fifty-eight (58), in violation of 29 U.S.C. §621, et. seq., known as the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

### STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT I
### STATEMENT OF PLAINTIFF'S TITLE VII RACE
### DISCRIMINATION CLAIM AGAINST DEFENDANT

22. Plaintiff hereby adopt and re-alleges paragraphs eleven (11) through twenty-one (21) as if fully set forth herein.

23. Plaintiff is a fifty-eight (58) year old, African-American male.

24. On August 18, 1997, Plaintiff began employment with the City of Leeds Police Department as a police officer. Plaintiff has been promoted to the rank of Lieutenant.

25. Plaintiff is a good employee and is qualified to hold his position as a Lieutenant.

26. On August 14, 2018, Plaintiff's coworker and friend, Officer John Shields (hereinafter "Shields"), an African American male, filed an EEOC Complaint against the City of Leeds alleging discrimination based on race and for retaliation.

27. Plaintiff supported Shields during a City of Leeds internal investigation into Plaintiff's and Shields' alleged wrongdoing. During the course of the investigation, the Defendant, City of Leeds, was aware of the EEOC charge filed by Officer Shields and was aware of Plaintiff's support of Officer Shields' charge. Plaintiff's support of Officer Shields' charge was a protected activity under Title VII.

28. On October 12, 2018, Plaintiff was suspended for forty (40) hours without pay for the incident Plaintiff and Shields were involved in.

29. City of Leeds Mayor, David Miller (white male), also unilaterally suspended Plaintiff's ability to work off-duty jobs.

30. Plaintiff received these disciplinary actions without a due process hearing.

31. Other similarly situated Caucasian employees have not been disciplined for the same or similar conduct that Plaintiff was disciplined for on October 12, 2018. Further, no similarly situated Caucasian employees have been disciplined for supporting a coworker's charge of discrimination with the EEOC.

32. The actions of Plaintiff's supervisors, including the suspension of Plaintiff, has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

33. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race against its employees.

34. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

35. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment on the basis of race.

36. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

37. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

38. Defendant's illegal discriminatory action has injured Plaintiff.

39. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

40. Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the discrimination Plaintiff has been forced to endure.

41. The actions of the Defendant for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused Plaintiff to retain the services of the undersigned attorney to protect his legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant.

42. As a result of the above actions, Plaintiff has been, and will continue to be injured and damaged.

## COUNT II
## STATEMENT OF PLAINTIFF'S TITLE VII
## RETALIATION CLAIM AGAINST DEFENDANT

43. Plaintiff adopts and realleges paragraphs eleven (11) through twenty-one (21) as if fully set forth herein.

44. Plaintiff is a fifty-eight (58) year old, African-American male.

45. On August 18, 1997, Plaintiff began employment with the City of Leeds Police Department as a police officer. Plaintiff has been promoted to the rank of Lieutenant.

46. Plaintiff is a good employee and is qualified to hold his position as a Lieutenant.

47. On August 14, 2018, Plaintiff's coworker and friend, Officer John Shields (hereinafter "Shields"), an African American male, filed an EEOC Complaint against the City of Leeds alleging discrimination based on race and for retaliation.

48.     Plaintiff supported Shields during a City of Leeds internal investigation into Plaintiff's and Shields' alleged wrongdoing. During the course of the investigation, the Defendant, City of Leeds, was aware of the EEOC charge filed by Officer Shields and was aware of Plaintiff's support of Officer Shields' charge. Plaintiff's support of Officer Shields' charge was a protected activity under Title VII.

49.     On October 12, 2018, Plaintiff was suspended for forty (40) hours without pay for the incident Plaintiff and Shields were involved in.

50.     City of Leeds Mayor, David Miller (white male), also unilaterally suspended Plaintiff's ability to work off-duty jobs.

51.     Plaintiff received these disciplinary actions without a due process hearing.

52.     Plaintiff has been unlawfully retaliated against by Defendant for supporting Officer Shields' charge of discrimination with the EEOC.

53.     The actions of Plaintiff's supervisors, including the suspension of Plaintiff, has caused Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

54.     The Defendant has a habit and/or practice of allowing and condoning retaliation based on race against its employees.

55.     Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

56. Defendant violated the Federal Civil Rights statutes that prohibit employers from retaliating against employees in the terms and conditions of employment on the basis of race.

57. Defendant failed to train its employees on its purported antidiscrimination/antiharassment/antiretaliation policies and reporting procedures.

58. Defendant's dissemination of any antidiscrimination/antiharassment antiretaliation policies and reporting procedures has been ineffective.

59. Defendant's illegal retaliation action has injured Plaintiff.

60. Defendant condoned and tolerated retaliation, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

61. Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the retaliation Plaintiff has been forced to endure.

62. The actions of the Defendant for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of Plaintiff's rights has caused Plaintiff to retain the services of the undersigned attorney to protect his legal rights. Consequently, Plaintiff is entitled to recover his attorney's fees in this case from the Defendant.

63. As a result of the above actions, Plaintiff has been, and will continue to be injured and damaged.

## COUNT III
## PLAINTIFF'S AGE DISCRIMINATION
## CLAIM AGAINST THE DEFENDANT

64. Plaintiff hereby adopt and re-alleges paragraphs eleven (11) through twenty-one (21) as if fully set forth herein.

65. Plaintiff is a fifty-eight (58) year old, African-American male.

66. On August 18, 1997, Plaintiff began employment with the City of Leeds Police Department as a police officer. Plaintiff has been promoted to the rank of Lieutenant.

67. Plaintiff is a good employee and is qualified to hold his position as a Lieutenant.

68. On August 14, 2018, Plaintiff's coworker and friend, Officer John Shields (hereinafter "Shields"), an African American male, filed an EEOC Complaint against the City of Leeds alleging discrimination based on race and for retaliation.

69. Plaintiff supported Shields during a City of Leeds internal investigation into Plaintiff's and Shields' alleged wrongdoing. During the course of the investigation, the Defendant, City of Leeds, was aware of the EEOC charge filed by Officer Shields and was aware of Plaintiff's support of Officer Shields' charge. Plaintiff's support of Officer Shields' charge was a protected activity under Title VII.

70. On October 12, 2018, Plaintiff was suspended for forty (40) hours without pay for the incident Plaintiff and Shields were involved in.

11

71. City of Leeds Mayor, David Miller (white male), also unilaterally suspended Plaintiff's ability to work off-duty jobs.

72. Plaintiff received these disciplinary actions without a due process hearing.

73. No other similarly situated younger employees have been disciplined for the same or similar conduct as Plaintiff. Further, no other similarly situated younger employees have been disciplined for supporting a coworker's EEOC charge of discrimination.

74. The ADEA makes it unlawful for an employer to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

75. The actions of Plaintiff's supervisors, including the suspension of Plaintiff, has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

76. The Defendant has a habit and/or practice of allowing and condoning discrimination based on age against its employees.

77. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

78. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment on the basis of age.

79. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

80. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

81. Defendant's illegal discriminatory action has injured Plaintiff.

82. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of 29 U.S.C. §621, et. seq., known as the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

83. Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the discrimination Plaintiff has been forced to endure.

84. The actions of the Defendant for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused Plaintiff to retain the services of the undersigned attorney to protect his legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant.

85. As a result of the above actions, Plaintiff has been, and will continue to be injured and damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A. Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964, and the amendments thereto, and 29 U.S.C. §621, et. seq., known as the Age Discrimination in Employment Act of 1967, as amended ("ADEA");

B. Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and retaliatory employment practices;

C. Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, pay raises with back pay, and reinstatement to the job position from which she was discriminatorily denied, or in the alternative, front pay;

D. Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

E. Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and,

F. Award such other relief as may be appropriate.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

        Respectfully Submitted,

        /s/ Scott T. Morro
        Scott Morro (ASB-4954-C30M)
        Attorney for Plaintiff
        Morro Law Center, LLC
        P.O. Box 1644
        Gardendale, AL 35071
        Telephone: (205)631-6301
        Fax: (205) 285-8542
        morrowlawcenter@bellsouth.net

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL**